UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT CUADRADO,<br>    Plaintiff,<br><br>    v.<br><br>NAUGATUCK POLICE, et al.,<br>    Defendants. | No. 3:22-cv-00969 (SRU) |

## INITIAL REVIEW ORDER

The plaintiff, Robert Cuadrado ("Cuadrado"), is an unsentenced inmate[1] currently confined at the Connecticut Department of Correction ("DOC") Osborn Correctional Institution. Compl., Doc. No. 1. In August 2022, Cuadrado commenced this civil rights action, proceeding *pro se*, under 42 U.S.C. § 1983. *Id.* After he filed his complaint, Cuadrado filed a motion to amend, which I granted. *See* Mot. to Amend, Doc. No. 10; Order, Doc. No. 14. Months later, Cuadrado filed another motion to amend with the amended complaint attached. *See* Mot. to Amend, Doc. No. 16. I granted that motion and instructed the clerk to docket the attached amended complaint. Order, Doc. No. 17. In that amended complaint, Cuadrado asserted claims for damages based on his alleged false arrest and an alleged illegal search of his residence against fifteen defendants: (1) Naugatuck Police Department ("NPD"); (2) Plymouth Police Department ("PPD"); (3) Board of Pardons and Paroles; (4) Motella, a NPD detective; (5) Annette Wentworth ("Wentworth"), Cuadrado's wife; (6) – (8) Christopher Latimer, Steven Binette ("Binette") and Cyr, PPD police officers; (9) – (10) Marino and Beiros, PPD sergeants;

---

[1]     The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler,* 694 F.3d 161, 164 (2d Cir. 2012). The publicly available information under the inmate search function of the Connecticut Department of Correction ("DOC") website shows Cuadrado's status is an unsentenced inmate. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=344068.

(11) Bilotto, a PPD detective; and (12) – (15) Leigh Ann Caruso ("Caruso"), Dennis Kwasnik ("Kwasnik"), Jane Doe ("Doe"), and A. Depina ("Depina"), parole officers. *See* Am. Compl., Doc. No. 18, at ¶¶ 23, 29–30.[2]

In February 2023, Cuadrado filed another motion to amend his amended complaint. *See See* Mot. to Amend, Doc. No. 19. Therein, he states that he wants to "remove[]" as defendants the Board of Pardons and Paroles, and the parole officer defendants. *Id.* He requests that his complaint continue "to move forward against the remaining defendants." *Id.* Liberally construed, Cuadrado's motion to amend is in effect a motion to withdraw his claims against the Board of Pardons and Paroles, Caruso, Kwasnick, Doe[3] and Depina. I GRANT the motion but do not require Cuadrado to file another amended complaint. Instead, I will conduct an initial review considering whether he has alleged plausible section 1983 claims against the remaining defendants: NPD; PPD; Wentworth; and Latimer, Binette, Cyr, Marino, Beiros, Bilotto; and Motella (collectively, the "police officer defendants").

For the reasons that follow, I DISMISS in part Cuadrado's complaint and STAY his remaining claims.

## I.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

---

[2]    In the case caption of the amended complaint, only the Naugatuck Police Department is named. Because Cuadrado names the aforementioned as defendants in the body of his amended complaint, I will consider whether he may proceed on any plausible claims against any of these defendants. *See* Am. Compl., Doc. No. 18, at ¶ 29; *Imperato v. Otsego Cty. Sheriff's Dep't*, 2016 WL 1466545, at *26 (N.D.N.Y. Apr. 14, 2016) ("[c]ourts have found *pro se* complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants.") (collecting cases).
[3]    Cuadrado's motion to withdraw does not specifically mention Doe, but that appears to be an oversight because he is otherwise withdrawing his claims related to conduct by his parole officers. Cuadrado may file an amended complaint if he believes I have erroneously construed his motion to withdraw.

*See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include enough facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conclusory allegations will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, it is well-established that *pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (cleaned up); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to *pro se* litigants).

## II.   FACTUAL ALLEGATIONS

At the outset, I note that I will not set forth all the facts alleged in Cuadrado's amended complaint, but I will summarize the amended complaint's basic factual allegations to provide context to this initial review. Further, I take judicial notice of the information on the State of Connecticut Judicial Branch website, which shows that Cuadrado has two pending criminal cases in state court.[4]

Since 2016, Cuadrado has been serving a special parole term of thirteen years that ends on October 29, 2029. Am. Compl., Doc. No. 18, at ¶ 9.[5] Under the conditions of Cuadrado's release, parole officers have the right to conduct a search of his residence. *Id.*

On April 5, 2022, Motella, a NPD detective, contacted the PPD concerning an

---

[4] The case details for these proceedings are publicly available on the Connecticut Judicial Branch website under pending criminal cases. *See Case details* for H15N-CR22-0337633-S and H15N-CR22-0337635-S which can be located with a search for the pending criminal cases at https://www.jud2.ct.gov.

[5] The Court takes judicial notice of the information on the State of Connecticut Judicial Branch website, which shows that Cuadrado was sentenced to a special parole term of seven years and to another special parole term of six years, both for the offense of tampering with a witness. *See* http://www.jud.ct.gov/judt.htm under Criminal/Motor Vehicle Case Look-up, Conviction Case detail for U04W-CR14-0422564-S.

investigation about Cuadrado. *Id.* at ¶ 1. The investigation stemmed from an alleged incident that occurred on March 29, 2022 at 6:30pm between Cuadrado and his wife, Wentworth[6], where Cuadrado threatened Wentworth. *Id.* at ¶¶ 1–2. In response, Latimer, a PPD police officer, contacted Wentworth on her cell phone to inquire about the alleged incident. *Id.* at ¶ 3. Wentworth, however, refused to provide a written statement. *Id.*

Days later, on April 7, 2022, Cuadrado informed Wentworth of his plans for a divorce. *Id.* at ¶ 6. She became upset. *Id.* Out of spite, she planted guns and ammunition in Cuadrado's nightstand at their residence in Plymouth, Connecticut. *Id.* She, then, notified a parole officer that Cuadrado had weapons in their home. *Id.* at ¶ 7.

That same day, Caruso, a Waterbury parole officer, requested that PPD sergeant, Marino, and PPD police officers, Cyr and Binette, search Cuadrado's residence at 11:51am. *Id.* at ¶ 8. Cuadrado claims that a search of his residence was conducted under the guise of a parole compliance check. *Id.* at ¶ 9. Cyr, Binette and Marino participated in the search and allegedly located weapons and ammunition. *Id.*

Acting pursuant to Caruso's orders, police officers of the Glastonbury Police Department arrested Cuadrado at his place of employment an hour later. *Id.* at ¶ 13. When Cuadrado called Wentworth's cell phone number, Caruso answered. *Id.* at ¶¶ 14–15. Caruso informed him that parole conducted a compliance check of his residence and found weapons and ammunition in his bedroom. *Id.* at ¶ 16. At the time, Cuadrado denied that he had any weapons in his home. *Id.* at ¶ 16.

---

[6]    Cuadrado's amended complaint refers to the individual as FVI. *Id.* I take judicial notice of Cuadrado's original complaint, which identifies the alleged victim as Annette Wentworth. Compl., Doc. No. 1, at ¶ 2.; s*ee Delgado v. Concepcion*, 2020 WL 7388959, at *1–2, n.4 (D. Conn. Dec. 16, 2020) (considering, on initial review of a prisoner civil complaint, the complaint and "documents attached to and incorporated by reference" into it).

At 3:30pm, PPD detective, Bilotto, and PPD officer, Binette, submitted a search and seizure warrant on the basis of probable cause gained through the parole compliance check. *Id.* at ¶¶ 9–10. At 4:00pm, the New Britain Superior Court granted the application for the search warrant. *Id.* at ¶ 10.

On April 11, 2022, PPD police officers applied for, and were granted, a warrant for Cuadrado's arrest based on a PPD incident report concerning the alleged threat made by Cuadrado on March 29, 2022. *Id.* at ¶ 4. A few days later, on April 14, 2022, PPD police officers applied for, and were granted, an arrest warrant based on the search of Cuadrado's residence. *Id.* at ¶ 11.

On June 9, 2022, Cuadrado was brought to New Britain Court, and Bilotto served him with for warrants for disorderly conduct and weapons possession. *Id.* at ¶ 28.

### III. DISCUSSION

I liberally construe Cuadrado's complaint as asserting claims for damages against the defendants in their individual capacities under 42 U.S.C. § 1983. A section 1983 claim contains two elements: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Greenwich Citizens Comm. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 29–30 (2d Cir. 1996) (cleaned up).

#### A. <u>Claims against Police Department Defendants</u>

First, Cuadrado seeks to bring a section 1983 against the PPD and NPD. Although the Supreme Court has held that a municipality is "to be included among those persons to whom [section] 1983 applies," *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is "a sub-unit or agency of the municipal government" and not "an

independent legal entity." *Reed v. Hartford Police Dep't*, 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004). Accordingly, a police department is not subject to suit under section 1983. *Id.* (collecting cases). Because Cuadrado cannot satisfy the first element for a section 1983 claim, which requires the act complained of to be "committed by a person," I must **dismiss with prejudice** Cuadrado's claims against the PPD and the NPD. 28 U.S.C. § 1915A(b).

      B.      <u>Claims against Wentworth</u>

Next, Cuadrado seeks to bring a section 1983 against his wife; a private party. Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action. *See United States v. International Brotherhood of Teamsters,* 941 F.2d 1292, 1295 (2d Cir. 1991).

A private entity acts under color of state law for purposes of section 1983 when: (1) "the State compelled the conduct"; (2) "there is a sufficiently close nexus between the State and the private conduct"; or (3) "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (cleaned up). Thus, "[t]he fundamental question under each test is whether the private entity's challenged actions are fairly attributable to the state." *Id.* (cleaned up).

Here, Cuadrado has not alleged any facts to suggest that Wentworth plausibly engaged in conduct that could be considered fairly attributable to the state. Rather, his allegations imply that Wentworth acted at her own behest, without any inducement by the state. Thus, I **dismiss without prejudice** Cuadrado's section 1983 claims against Wentworth for failure to allege that she was a state actor.[7] *See* 28 U.S.C. § 1915A(b).

---

[7]    I recognize that even a private individual may be liable under section 1983 if that person has conspired with state actors. *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999). Cuadrado cannot,

C.      Conspiracy Claim

Cuadrado also alleges that the police officer defendants conspired to violate his constitutional rights. A conspiracy claim under section 1983 requires the plaintiff to show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Cuadrado merely refers to a conspiracy without alleging facts to establish any agreement between the remaining police officers defendants to inflict an unconstitutional injury upon Cuadrado. At best, Cuadrado has only alleged that the police officer defendants coordinated a search of his residence and his arrest. But allegations that the police officers communicated with each other does not alone establish a conspiracy to violate Cuadrado's constitutional rights. *See Beechwood Restorative Care Center v. Leeds*, 436 F.3d 147, 154 (2d Cir. 2006) (finding that, the fact that government employees from various federal and state agencies cooperated does not, without more, prove they conspired to violate plaintiff's rights). Police work often involves coordination. *See United States v. Reyes*, 283 F.3d 446, 463 (2d Cir. 2002) ("Law enforcement officers are yoked with similar responsibilities to root out crime in the public at large."). Thus, more facts are required to sufficiently plead a conspiracy claim. *See Torres v. Connection, Inc.*, 2023 WL 2477502, at *7 (D. Conn. Mar. 13, 2023) (dismissing section 1983 conspiracy claim for failure to allege facts establishing either the existence of a conspiracy or a meeting of the

---

however, premise a claim of conspiracy on his allegations that Wentworth filed a complaint with the police or provided information to the parole officer about him. *See Alvarez v. Peters*, 2020 WL 1808901, at *4 (E.D.N.Y. Apr. 9, 2020) ("The fact that [Defendant] filed a complaint with law enforcement that resulted in Plaintiff's arrest or prosecution is insufficient to establish state action."); *Adebiyi v. City of New York*, 2014 WL 4922888, at *4 (E.D.N.Y. Sept. 30, 2014) (noting that, "provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for purposes of [section] 1983.") (cleaned up).

minds necessary to support such a claim) (cleaned up); *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999) ("Allegations of conspiracy can be neither vague nor conclusory, but must allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.") (cleaned up). Accordingly, I **dismiss** as not plausible any claim of a conspiracy to violate Cuadrado's constitutional rights under section 1983. *See* 28 U.S.C. § 1915A(b).

  D.  Fourth Amendment Claims

Next, Cuadrado alleges that the police officer defendants violated his Fourth Amendment rights in two ways: first, by falsely arresting and imprisoning him; and second by illegally searching his residence without a warrant. Among other things, Cuadrado challenges the underlying search and arrest warrants, the evidence supporting the charges against him, and the conduct of the police and parole officers.

  1.  *Illegal Search*

The illegal search claim is related directly to Cuadrado's ongoing criminal prosecutions being tried in state court. The doctrine of abstention precludes a federal court from deciding a case when it would potentially intrude upon the powers of another court. In *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia,* the federalism principles central to the United States Constitution. *Leogrande v. New York*, 2013 WL 1283392, at *7 (E.D.N.Y. Mar. 29, 2013). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Town Court for the Town*

*of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir.1995), unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding.

Those criteria are easily met here. Cuadrado is a defendant in two ongoing proceedings that implicate Connecticut's important interest in the enforcement of its criminal laws. *See Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (noting that, "*Younger* itself settled the importance of the state's interest in criminal proceedings"). Further, Cuadrado fails to show that he does not have an adequate opportunity to raise his constitutional challenges within his state court criminal cases. In addition, there is no basis for thinking that any of the extraordinary exceptions apply. Accordingly, the *Younger* doctrine counsels that this Court abstain from exercising jurisdiction over Cuadrado's claims.

That said, I am mindful that the Second Circuit has advised that *Younger* abstention is inappropriate where a plaintiff seeks monetary damages. *See Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 196 n.2 (2d Cir. 2002). In this case, Cuadrado seeks compensatory and punitive damages. Nevertheless, the Supreme Court has instructed that, "[i]f a plaintiff files a … claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). Cuadrado's case presents such a scenario.

The search at issue gave rise to Cuadrado's pending criminal charges. Indeed, the Connecticut Judicial Branch website reveals two pending cases stemming from Cuadrado's arrest: Case Nos. H15N-CR22-0337633-S, H15N-CR22-0337635-S. Each of those cases is docketed as on the trial list. *See* STATE OF CONNECTICUT JUDICIAL BRANCH, *Criminal / Motor Vehicle Pending Cases Name Summary* (Cuadrado, Roberto) (last visited June 22, 2023).

Consequently, the state proceeding will likely require a ruling on the legality of the search. Any ruling by this Court as to the constitutionality of the search could substantially interfere with the results reached in the state court proceeding. Put another way, if Cuadrado were to prevail on his federal damages action before the conclusion of the state court proceedings, the resulting federal judgment might undermine the state court's consideration of Cuadrado's constitutional defenses in his criminal cases.

Given that the claims set forth in the complaint are "closely intertwined with the on-going state criminal case, prosecution of such claims in this Court at this juncture would be premature." *Braithwaite v. Collins*, 2022 WL 1624122, at *3 (E.D.N.Y. May 23, 2022) (collecting cases); *see also Taylor v. Trigeno*, 2021 WL 6070444, at *3 (S.D.N.Y. Dec. 21, 2021) (noting that, "federal district courts may (and indeed, should) stay a federal [s]ection 1983 action until resolution of parallel state court criminal proceedings") (cleaned up).

2. *False Arrest and False Imprisonment*

Likewise, Cuadrado's false arrest and false imprisonment claims are premature. In fact, Cuadrado cannot even state a claim at this point. To state a claim for false arrest or false imprisonment, the federal court looks to state law. *Torres v. Town of Bristol*, 2015 WL 1442722, at *5 (D. Conn. Mar. 27, 2015). Under Connecticut law, "false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Jordan v. Town of Windsor*, 2018 WL 1211202, at *6 (D. Conn. Mar. 8, 2018) (cleaned up). One element of a false imprisonment and false arrest claim is favorable termination of the charges for which the plaintiff was arrested. *See Torres*, 2015 WL 1442722, at *5; *see also Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (under Connecticut law, "favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest") (cleaned up). A

"favorable termination" means that a plaintiff must show that "his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). Cuadrado cannot—and has not— allege that the state court proceedings have terminated in his favor because they are ongoing. Rather than dismiss those claims, however, I will stay them. *See Justice v. Woodlock*, 2015 WL 145643, at *12 (N.D.N.Y. Jan. 12, 2015) ("The Supreme Court has noted that even if *Younger* can be applied to claims for money damages, when money damages which could not be recovered in the pending state court action are sought in a federal court action, the federal action should be stayed rather than dismissed."); *see also Williams v. Quinones*, 2015 WL 6438756, at *2 (E.D.N.Y. Oct. 22, 2015) (staying false arrest claims pending the outcome of plaintiff's state court criminal proceedings).

## IV.   CONCLUSION

For the foregoing reasons, Cuadrado's motion to amend, doc. no. 19, is GRANTED. Because Cuadrado's criminal cases are still pending, his Fourth Amendment claims against Latimer, Binette, Cyr, Marino, Beiros, Bilotto, and Motella are STAYED. All other claims against Latimer, Binette, Cyr, Marino, Beiros, Bilotto, and Motella are DISMISSED without prejudice. All claims against Wentworth are DISMISSED without prejudice. All claims against the NPD and the PPD are DISMISSED with prejudice.

The clerk is directed to terminate defendants NPD, PPD, Wentworth, Board of Pardons and Paroles, Caruso, Kwasnick, Doe, and Depina. The clerk is also directed to administratively close this case. Cuadrado shall file a motion requesting that his case be re-opened within two (2) weeks of the conclusion of his state court criminal proceedings. At that time, Cuadrado may file an amended complaint to correct the deficiencies identified in this Order. If Cuadrado fails to promptly inform the Court that the state court criminal proceedings have concluded or otherwise

fails to diligently prosecute this case after the conclusion of the state court criminal proceedings, Cuadrado's claims may be dismissed for failure to prosecute.

    It is so ordered.

Dated at Bridgeport, Connecticut this 22nd day of June 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
