UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT CUADRADO,  :
  Plaintiff,  :
     v.  :  Case No. 3:22-cv-969 (SRU)
NAUGATUCK POLICE, et al.,  :
  Defendants.  :

## ORDER DENYING MOTION TO REOPEN AND MOTION TO AMEND

In August 2022, Plaintiff Robert Cuadrado commenced this civil rights action *pro se* under 42 U.S.C. § 1983 as an unsentenced inmate confined within the Connecticut Department of Correction ("DOC"). Compl., Doc. No. 1.

After he filed his complaint, Cuadrado filed two motions to amend, which I granted. Mot. to Amend, Doc. No. 10; Order, Doc. No. 14; Mot. Amend, Doc. No. 16; Order, Doc. No. 17. Cuadrado's amended complaint was docketed on December 15, 2022. Am. Compl., Doc. No. 18, at ¶¶ 29-30.

On February 27, 2023, Cuadrado filed another motion to amend his amended complaint. Mot. to Am., Doc. No. 19. I granted this motion and conducted an initial review to determine whether he had alleged plausible section 1983 claims against the Naugatuck Police Department ("NPD"); Plymouth Police Department ("PPD"); Anne Wentworth; Plymouth Police Officers Latimer, Binette, and Cyr, Sergeants Marino and Berrios, and Detective Bilotto; and Naugatuck Detective Motella. Initial Review Order ("IRO"), Doc. No. 20. In my Initial Review Order, I stayed Cuadrado's Fourth Amendment claims against Latimer, Binette, Cyr, Marino, Beiros, Bilotto, and Motella because his state criminal charges were still pending. *Id.* at 11. I dismissed (1) all other claims against Latimer, Binette, Cyr, Marino, Beiros, Bilotto, and Motella without

prejudice; (2) all claims against Wentworth without prejudice; and (3) all claims against the NPD and the PPD with prejudice. *Id.* I instructed Cuadrado to file a motion requesting that his case be re-opened within two weeks of the conclusion of his state court criminal proceedings and to file an amended complaint "to correct the deficiencies identified" in the IRO. *Id.*

On July 18, 2023, Cuadrado filed a motion to reopen, stating that his state criminal case, H15N-CR22-0337635-S, had concluded. Mot. to Reopen, Doc. No. 21. Cuadrado also filed an amended complaint claiming Fourth Amendment violation based on an asserted illegal search of his residence that resulted in his subsequent arrest on June 9, 2022, for criminal possession of a weapon. Mot. to Amend., Doc. No. 23. For the reasons that follow, I deny both the motion to reopen and motion to amend.

I. DISCUSSION

Cuadrado has complied with my instruction to file a motion to reopen and motion to amend at the conclusion of his state court criminal proceedings. But upon review, I conclude that Cuadrado's request to reopen this case and file his proposed amended complaint must be denied.

Leave to amend may be "freely given" in the absence of bad faith, undue delay, unfair prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (citation omitted).

As an initial matter, I take judicial notice of the publicly available information on Connecticut judicial website showing that Cuadrado pleaded guilty to the charge of carrying a pistol without a permit in his state criminal case, H15N-CR22-0337635-S. *See Giraldo v.*

*Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (taking judicial notice of state court prosecution). Cuadrado admits as much in his motion to amend. Mot. to Amend., Doc. No. 23, at 3.

Cuadrado's motion to amend indicates that he seeks to reassert his claims of Fourth Amendment violation based on the search of his residence that resulted in the discovery of weapons and ammunition and his assertedly false arrest and prosecution.

Because Cuadrado pleaded guilty to criminal charges resulting from the asserted illegal search of his house, his search and seizure claims are not plausible. This is so because "a guilty plea waives all non-jurisdictional defects and defenses, including an objection to the constitutionality of the search." *Parker v. Suffolk Cnty. Police Dep't*, 2023 WL 5047784, at *5 (E.D.N.Y. Aug. 7, 2023) (citing *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003) ("A defendant who pleads guilty unconditionally admits all elements of the formal charge and . . . waives all challenges to prosecution except those going to the court's jurisdiction.")).

In addition, Cuadrado's false arrest and malicious prosecution claims resulting from the search are barred by his guilty plea for his criminal prosecution because—as I previously explained on initial review—Cuadrado must show a favorable termination of his criminal charges, meaning that his state criminal prosecution ended without a conviction, in order to bring false arrest and malicious prosecution claims. IRO, Doc. No. 20, at 10-11 (quoting *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022)).

Because Cuadrado cannot allege plausible Fourth Amendment violations as proposed by his motion to amend, I must deny his motion to reopen and to file an amended complaint.

**II.    CONCLUSION**

For the foregoing reasons, Cuadrado's motion to reopen [Doc. No. 21] and his motion to amend [Doc. No. 23] are both DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut this 27th day of November, 2023.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge
